Oliver *v.* Industrial Health, Accident and Life Insurance Company, Appellant.

Argued October 23, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*George J. Edwards, Jr.,* with him *George J. Edwards, III,* and *Ralph S. Croskey,* for appellant.

*Maurice Pollon,* for appellee.

OPINION BY STADTFELD, J., January 29, 1937:

This is an action of assumpsit brought on behalf of a minor, who was the beneficiary named in a policy of life insurance in the sum of $150 issued Jan'y. 2, 1933. The defense was based on a provision contained in the policy that no obligation was assumed by the company unless, on the date of the issuance of the policy, the insured was in sound health, it being alleged by defendant that the insured, at the time of the issuance of the policy, was suffering from carcinoma of the stomach, and was therefore not in sound health.

The case was tried March 27, 1936, before GLASS, J., without a jury, on a statement of claim and affidavit of defense.

The plaintiff made out a prima facie case by offering in evidence parts of the pleadings, certain of which were admitted by defendant, and also by offering in evidence the policy of insurance upon which the suit was brought.

Defendant offered in evidence the paragraphs contained in its New Matter (offer to return the premiums paid) and also a Certificate of Death of the Bureau of Vital Statistics which the Court admitted, but only for the purpose of showing the date of the death of the insured and the cause of death.

The certificate of death is dated April 24, 1935, and states that the insured died April 8, 1935, of carcinoma of the stomach, and that the duration of the disease was three years.

The defendant presented a point for a finding in its favor, which was declined with an exception for defendant.

Defendant, on March 30, 1936, filed its motion for judgment n. o. v. and also its motion and reasons for a new trial, both of which motions were dismissed April 17, 1936. Judgment was entered May 4, 1936, on the finding for the plaintiff in the sum of $135.37, and on the same day, this appeal was taken. On June 5, 1936, an opinion was filed by GLASS, J.

The assignments of error are the refusal of binding instructions, the dismissal of motion for judgment non obstante veredicto and rulings on evidence.

The defense was that the insured was not in sound health when the policy was issued, to-wit: Jan'y. 2, 1933, but that she was suffering at that time and for some time prior thereto from carcinoma of the stomach and by reason thereof, the policy never became operative. The insured in this case admittedly died of carcinoma of the stomach. The only question is how long the insured suffered from this disease.

The defendant did not offer any medical or other testimony as to the physical condition of the insured at the time of the issuance of the policy, but relied solely upon a certificate from the Bureau of Vital Statistics which it offered in evidence for the purpose of showing, inter alia, the date and the cause of death and the duration of the illness or disease. The certificate was admitted in evidence, for the purpose of showing the date of death and cause of death, but not for the purpose of showing the duration of the disease or illness of the insured.

Quoting from the opinion of the trial judge: "...... it would appear to us that 'Duration of illness or disease' was properly not admitted because of its vagueness and indefiniteness. A careful examination of the certificate shows that the date of death of the assured

is specifically set forth, as is also the duration of the attendance by Charles White, M. D., who signed the certificate, and also the date when he last saw the assured alive and the date upon which she was operated upon; but it does not show specifically the duration of the illness. The date when the illness or disease began is not specifically set forth. The figure '3' is inserted in a blank space after the word 'Duration.' It may be that that figure was inserted as a mere guess. The doctor who supposedly inserted the said figure was not in court and could not be examined or cross-examined. When it is considered in the light of the other documentary or written proof, particularly the death proof, which is sworn to and which contains the statement of the attending physician, it would appear that it was a mere guess . . . . . . ."

The death proof was executed by Dr. H. F. Darlington, the attending physician. He states in the body of the paper that he attended decedent on Dec. 26, 1934, for Bilateral Ovarian Cyst and that the duration of this disease was from 12-26-34 to 2-1-35; that she had been ill for two weeks when he first attended her; that she was suffering from carcinoma; that she was treated at the Hahnemann Hospital from 12-26-34 to 2-1-35. In his affidavit attached, he states that he attended the deceased from March 8, 1935 to April 8, 1935. There is an apparent contradiction in his statements as to the time during which he attended her. Furthermore, it does not agree with the certificate of death of the Bureau of Vital Statistics in which Dr. White certifies that he attended the deceased from March 8, 1935 to April 8, 1935, and that no one else had attended her or was in attenance during that period.

The two certificates are conflicting and at variance with each other, and the matter necessarily would have to be left to the determination of the trier of the facts.

Under Section 21 of the Act of June 7, 1915, P. L.

900, the certificate by the State Registrar is only prima facie evidence of the facts therein stated, and is open to explanation and contradiction by the opposing party. See *Borgon v. John Hancock Mutual Life Ins. Co.*, 99 Pa. Superior Ct. 377. See also opinion this day filed in *Jones v. Industrial Health, Accident & Life Ins. Co.*, 125 Pa. Superior Ct. 143, 189 A. 734.

If the instant case had been tried before a jury, there might be some justification for the position of appellant that it was error to exclude the contents of the certificate as prima facie evidence thereof. However, having been tried by the judge without a jury, it did not prejudice the case of the defendant, in view of the conclusion of the trial judge, quoting from his opinion: "In any event, if the certificate of death had been admitted in its entirety for either of the reasons advanced by the defendant, it still became a question of fact for the trial judge to determine under all the evidence produced whether the deceased was in sound health at the time the policy was issued. ...... Although the defendant had the burden to prove that the assured was not in sound health at the time of the issuance of the policy, because that was its affirmative defense, it did not meet that burden, but contented itself, as we have already indicated, with the offer of the certificate of death in evidence for the purpose of establishing that fact. The plaintiff, in rebuttal, however, offered the testimony of two lay witnesses, Nero Oliver, the plaintiff himself, and Cicero Sistrunk, relatives of the deceased ...... whatever prima facie evidence if any there was, was overcome by the testimony of the plaintiff's witnesses. If there was any conflicting evidence as to whether the insured was in good and sound, health at the time the policy was issued, it was a question of fact for the trial judge. That was resolved in favor of plaintiff." The finding by the trial judge with-

out a jury, being supported by competent evidence, has the same effect as the verdict of a jury. Under the circumstances, it is not necessary for us to pass on the question of the constitutionality of the provisions of the Act of 1915 supra.

The assignments of error are overruled and judgment affirmed.