**METH v. UNITED BENEFIT LIFE INS. CO.**

Civ. No. 10307.

United States District Court
E. D. Pennsylvania.

Sept. 13, 1951.

Paul M. Goldstein, Philadelphia, Pa., for plaintiff.

Walter B. Gibbons, Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This action was instituted by Joseph Meth to recover benefits claimed under three accident and health policies issued to him simultaneously by the defendant, United Benefit Life Insurance Company. Each policy provided that a disability, to be compensable, must result "from sickness, the cause of which originates more than thirty days after the date of the policy". Payment for disability was refused on the ground of "prior origin" of the sickness causing the disability. Subsequent to the filing of the action, Meth died of his disabling illness and his widow and executrix was substituted as plaintiff. The case was tried to a jury, which returned a verdict in favor of the plaintiff, and a judgment has been entered. The defendant moves, under Rule 50(b), Fed.Rules Civ.Proc. 28 U.S. C., to set aside the verdict and judgment for the plaintiff, and for entry of judgment for the defendant.

There is clear and persuasive evidence in the record that the sickness that caused the disability, for which indemnification under the policies is sought, had its first manifestation months before the date of the policies. However, there is also in evidence the certificate of Meth's death, introduced by the plaintiff without objection from the defendant. On the death certificate, the question inquiring of the interval between the onset of the illness and death was answered "2 years" by the attending physician. Pennsylvania vital statistics legislation provides that a death certificate, properly certified by the Department of Health, "shall be prima facie evidence in all courts and places of the facts therein stated * * *". Act of June 7, 1915, P.L. 900, Sec. 21, 35 Purdon § 471. A period of two years prior to the date of Meth's death places the onset of the illness (which resulted in disability) at a point in time more than thirty days after the date of the insurance policies. With the time so calculated, the resulting disability is compensable under the strictest construction of the terms of the policies.

But the defendant argues that, despite the statute, the information on the death

certificate about the duration of the illness is incompetent evidence. For the same physician who gave that information also certified that he had attended Meth for less than two months prior to the date of his death. Therefore, it is urged, that physician's certification of the two-year interval between the onset of the illness and death can only be hearsay; and if the statute is held to change the rules of evidence to make evidence admissible that would otherwise have been inadmissible hearsay, the omission from its title of any reference to such purpose raises a question of the constitutionality of the legislation. Borgon v. John Hancock M. L. Ins. Co., 99 Pa.Super. 377, 384. It would indeed be anomalous to hold that a physician's statement of the duration of an illness, inadmissible as testimony, is nevertheless to be considered prima facie evidence when offered in the form of the certificate of death. Heffron v. Prudential Ins. Co., 137 Pa.Super. 69, 8 A.2d 491; Johnson v. Valvoline Oil Co., 131 Pa.Super. 266, 200 A. 224.

The difficulty with that analysis in this case, however, is that it is impossible to say for certain that the doctor's statement on the death certificate would have been inadmissible hearsay testimony from the witness stand. Although the statement smacks strongly of hearsay, or mere guess (but cf., Oliver v. Industrial Health, A. & L. Insurance Co., 125 Pa.Super. 149, 153, 189 A. 736), nevertheless the doctor was not called to the stand, and the basis for his statement is unknown. This case is not of the same stripe as one involving a statement by a coroner in his certificate, necessarily founded upon information received from others. See Lederer v. Metropolitan Life Ins. Co., 135 Pa.Super. 61, 69, 4 A.2d 608. However strongly one may feel that the physician's statement is in the nature of hearsay, the conclusion that it is hearsay is neither logically inevitable nor supported by evidence. The statement must, therefore, under the statute, constitute prima facie evidence of the date of the onset of the illness which caused disability. And the defendant's attempt to distinguish between the onset of the illness which caused death (and disability), the terminology of the death certificate, and the origin of the cause of sickness from which disability resulted, the terminology of the insurance policies, is too finely spun sophistry. The plaintiff made a sufficient case to go to the jury, even under that interpretation of the policies which excludes the risk of a disability manifesting itself after the thirty-day period where the medical cause antedated it. It is therefore unnecessary to determine whether such a definition of the risk is too narrow, and the verdict of the jury will not be disturbed.

Accordingly, defendant's motion will be denied.